**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRIONO TRIONO, | No. 06-72991 |
| Petitioner, | Agency No. A097-111-349 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:      CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Triono Triono, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Prasad v. INS*, 47 F.3d 336, 338-39 (9th Cir. 1995), and we review de novo claims of due process violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Triono failed to establish past persecution on account of any protected ground in Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (concluding that threats and beating by native Indonesians, without more, did not cumulatively amount to past persecution). Further, the record does not compel reversal of the agency's conclusion that Triono failed to demonstrate a well-founded fear of future persecution because he did not show that his fear was objectively reasonable. *See Halim v. Holder*, 590 F.3d 971, 976-80 (9th Cir. 2009) (record did not establish the requisite objective component of a well-founded fear).

Because Triono failed to meet the lower burden of proof for asylum, it necessarily follows that he failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

06-72991

Triono does not challenge the agency's denial of CAT relief in his opening brief. *See Martinez-Serrano v. Ashcroft*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

Triono's contention that the BIA violated his due process rights by issuing a boilerplate decision fails because the BIA's order contained "a statement of its reasons for denying the petitioner relief adequate for us to conduct our review." *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995). We lack jurisdiction to consider Triono's contention that the IJ's remarks regarding Triono's appearance violated his due process rights, because he failed to exhaust this contention before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**